COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS





JAMES LEE SWEED,


 Appellant,


v.


JAY L. NYE, JAIME ESPARZA,

DISTRICT ATTORNEY OF EL PASO

COUNTY, TEXAS, EL PASO COUNTY

DISTRICT ATTORNEYS OFFICE, 

THE STATE OF TEXAS, and 

THE ATTORNEY GENERAL OFFICE

OF THE STATE OF TEXAS,


 Appellees.
§


 


§


 


§


 


§


 


§



§


 §


 §



No. 08-07-00132-CV



Appeal from


 120th District Court


of El Paso County, Texas


(TC # 2005-5667)













MEMORANDUM OPINION



 James Lee Sweed, appearing pro se, filed suit in district court but the case was dismissed for
want of prosecution. Although Sweed has appealed, we must dismiss the appeal for want of
jurisdiction. 

FACTUAL SUMMARY


 On August 12, 2005, Sweed filed suit against Jay L. Nye, District Attorney Jaime Esparza,
the Office of the District Attorney, the State of Texas, and the Texas Attorney General. In his
petition, Sweed listed his address as 5121 Danny Drive, El Paso, Texas 79924. On August 31, 2006,
he filed a letter with the District Clerk advising a change of address to El Paso County Jail Annex,
12501 Montana, El Paso, Texas 79938. On October 24, 2006, Sweed filed a motion for summary
judgment listing as his address the El Paso County Jail, P.O. Box 125, El Paso, Texas 79901. The
district court set a status conference for October 30, and sent notice to Sweed at the Danny Drive
address. The notice was returned as not deliverable. On October 31, the court set the State
defendants' motion to dismiss for want of prosecution for hearing on November 6. Again notice was
sent to the Danny Drive address and returned as unclaimed. On November 6, the district court
dismissed the suit for want of prosecution. Two days later, the District Clerk sent Sweed notice of
the dismissal at12501 Montana, County Jail Annex, El Paso, Texas 79938. Sweed filed notice of
appeal on April 24, 2007. In response to a letter from this court, Sweed filed notice of restricted
appeal on May 21, 2007.

NOTICE OF APPEAL


 In civil cases, a party must file the notice of appeal within thirty days after the judgment is
signed. Tex.R.App.P. 26.1. The time limit is extended to ninety days if any party timely files: (1)
a motion for new trial; (2) a motion to modify the judgment; (3) a motion to reinstate under Texas
Rule of Civil Procedure 165a; or (4) a request for findings of fact and conclusions of law if findings
and conclusions either are required by the Rules of Civil Procedure or, if not required, could properly
be considered by the appellate court. Tex.R.Civ.P. 26.1(a)(1)-(4). The appellate court may extend
the time to file the notice of appeal, if, within fifteen days after the deadline the party files the
notice of appeal in the trial court, and files a motion to extend time in the appellate court. 
Tex.R.App.P. 26.3. 

 In a restricted appeal, the notice of appeal must be filed within six months after the judgment
or order is signed. Tex.R.App.P. 26.1(c). The restricted appeal must state that the appellant is a
party affected by the trial court's judgment but did not participate--either in person or through
counsel--in the hearing that resulted in the judgment at issue. Tex.R.App.P. 25.1(d)(7)(A). The
appeal must state that the appellant did not timely file either a postjudgment motion, request for
findings of fact and conclusions of law, or notice of appeal, and the appeal must be verified by the
appellant if the appellant does not have counsel. Tex.R.App.P. 25.1(d)(7)(B)-(C).

 Here, the case was dismissed for want of prosecution on November 6, 2006. Official notice
was forwarded to Sweed on November 8. The notice was sent to the most recent address Sweed had
provided. Sweed didn't file his notice of appeal until April 24, 2007. He did not file timely, nor did
he file a motion to extend time, a motion for new trial, a motion to modify the judgment, a motion to
reinstate, or a request for findings of fact and conclusions of law. See Tex.R.Civ.P. 26.1(a)(1)-(4). 
Sweed also missed the deadline for perfecting a restricted appeal. That notice of appeal must have
been filed by May 6, 2007, but it was not filed until May 21, 2007. 

 We dismiss the appeal for want of jurisdiction.



April 9, 2009 

 ANN CRAWFORD McCLURE, Justice


Before Chew, C.J., McClure, and Carr, JJ.

Carr, J., not participating